## M. J. BROWN ET AL. v. S. McCORMICK ET AL.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1890—Decided May 26, 1890.

In an action of ejectment by the sheriff's vendee of land, sold as the property of the ejectment defendant, where the plaintiff's evidence showed that the defendant in the judgment and in the ejectment had bought the land for her daughter and had conveyed it to the latter more than two years before the entry of the judgment upon which it was sold, but did not show that the conveyance was made to hinder, delay or defraud the judgment plaintiff or any other creditor, it was not error to enter a judgment of nonsuit.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 372 January Term 1890, Sup. Ct.; court below, No. 295 March Term 1886, C. P.

. On February 12, 1886, " Mary J. Brown and George E. Brown, her husband, in right of said Mary J. Brown," brought

ejectment against Susan McCormick and Robert Patterson, for a lot of land in Uniontown. Issue.

At the trial on November 21, 1889, the plaintiffs put in evidence the record of a judgment entered on December 18, 1884, in favor of David S. Gilmore against Susan McCormick, for $912; also, the record of a sheriff's sale of the property in dispute upon said judgment to Mary J. Brown for $50, the sheriff's deed being acknowledged on September 10, 1885; also, the record of a deed for the property from Ellis Baily and wife to Susan McCormick dated January 14, 1880, consideration $850, acknowledged the same day and duly recorded; also, the record of a deed for the same property from Susan McCormick to her daughter Harriet L. Rush, dated May 16, 1882, consideration $800, acknowledged the same day and duly recorded.

The plaintiffs then called Charles H. Rush, the husband of Harriet L. Rush, but separated from her, whose testimony, chiefly " as he had heard the parties say," was to the effect that Mrs. McCormick had bought the property from Baily, intending at the time to convey it to Mrs. Rush; that, as " I guess," a part of the consideration for the conveyance to Mrs. Rush was that the latter should keep and care for her mother, Mrs. McCormick, who was over eighty, and she (or he) had kept her; that he did not know but a money consideration was also paid by Mrs. Rush for the conveyance,—that he had always understood she had money, received before they were married, something like $500. The witness, the only one called by the plaintiffs, testified, also, that David S. Gilmore had come to the witness's house, while he was living with his wife, and had an interview with Mrs. McCormick about some debt he claimed of her, but he did not know whether he heard the conversation or not,—he was there several times, and wanted her to sign some paper. The witness, however, gave no definite testimony as to the nature of the claim or of the paper.

The plaintiffs then rested, when, on motion of the defendants, the court, INGHRAM, P. J., directed a judgment of nonsuit to be entered, with leave, etc. Subsequently, the motion of the plaintiffs that the judgment of nonsuit be taken off, was refused, when the plaintiffs took this appeal, assigning the order refusing the motion to take off the nonsuit for error.

Opinion of the Court.

*Mr. Edward Campbell* (with him *Mr. George D. Howell* and *Mr. E. H. Reppert*), for the appellants.

That the deed from Mrs. McCormick to Mrs. Rush was fraudulent and void, counsel cited: Redfield etc. Mfg. Co. v. Dysart, 62 Pa. 63; Lloyd v. Williams, 21 Pa. 327; May on Fraud. Conv., 56, 246; Forsyth v. Matthews, 14 Pa. 100; Johnston v. Harvy, 2 P. & W. 82; Miner v. Warner, 2 Gr. 448; Geiger v. Welsh, 1 R. 349; Kaine v. Weigley, 22 Pa. 179; Rogers v. Hall, 4 W. 359; Renninger v. Spatz, 128 Pa. 524; Passmore v. Eldridge, 12 S. & R. 198. That plaintiff in ejectment was entitled to defendant's possession: Culbertson v. Martin, 2 Y. 443; Stahle v. Spohn, 8 S. & R. 317; Arnold v. Gorr, 1 R. 223; Young v. Algeo, 3 W. 227; Knox v. Herod, 2 Pa. 27; Snavely v. Wagner, 3 Pa. 275; Dunlap v. Cook, 18, Pa. 454; Walker v. Bush, 30 Pa. 352.

*Mr. S. E. Ewing* (with him *Mr. A. D. Boyd* and *Mr. Umbel*), for the appellees.

Counsel cited: Jackson v. Badger, 11 Cent. R. 910; Posten v. Posten, 4 Wh. 27; Mead v. Conroe, 113 Pa. 220; Benson v. Maxwell, 12 Cent. R. 690; Reehling v. Byers, 94 Pa. 316.

PER CURIAM:

We are not convinced that there was any error in refusing to take off the judgment of nonsuit in this case. The plaintiff claimed under Susan McCormick, as whose property the lot in controversy was sold by the sheriff, and conveyed to the plaintiff, in September, 1885. For the purpose of showing title in Mrs. McCormick prior to and at the time of the sheriff's sale, plaintiff gave in evidence the deed of Ellis Baily and wife to her, dated January 14, 1880; but she also gave in evidence the deed of Susan McCormick to her daughter Harriet L. Rush for same premises, dated May 16, 1882. These deeds, acknowledged respectively on the day they purport to have been executed, were both duly recorded. It will be observed that the conveyance by Mrs. McCormick to her daughter, in May, 1882, was more than two years and a half before the entry of the judgment against Mrs. McCormick on which the lot was sold. Having thus shown, according to the tenor of the deed, that the title had passed from Mrs. McCormick to her daughter long

before the sale, and even before the judgment on which the sheriff's sale was made had been obtained, the plaintiff undertook to show that the last-mentioned conveyance was collusive and fraudulent, in that it was intended to hinder, delay, and defraud the creditor on whose judgment the lot in controversy was sold. The learned president of the Common Pleas appears to have been of the opinion that the evidence on which plaintiff relied for that purpose, was insufficient to warrant the conclusion that the deed of May, 1882, was fraudulent and void as to that or any other creditor of Mrs. McCormick, and hence he nonsuited the plaintiff. We are not prepared to say there was any error in this. It was shown, inter alia, by the evidence introduced by plaintiff, that Mrs. McCormick bought the lot for her daughter, and with the view of conveying it to her, as was subsequently done. As was said in Reehling v. Byers, 94 Pa. 316, "business dealings between parents and children, and other near relatives, are not per se fraudulent. They must be treated just as are the transactions between ordinary debtors and creditors; as in the latter case, where the bona fides of such transactions is attacked, the fraud alleged must be clearly and distinctly proved." We think the plaintiff did not succeed in avoiding the effect of the deeds which she herself gave in evidence.

Judgment affirmed.

